# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLARENCE DWIGHT HINES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. CIV-11-424-F |
| | ) |
| DAVID MILLER, et al., | ) |
| | ) |
| Respondents. | ) |

## REPORT AND RECOMMENDATION

This habeas action brought by Petitioner, a state prisoner, has been referred to the undersigned for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth hereafter the undersigned recommends that the Petition be dismissed as moot.

Petitioner filed the instant action for habeas relief challenging his convictions and sentences in Case No. CF-2005-642, in the District Court of Oklahoma County, Oklahoma. Petitioner sought his release from "his unconstitutional prison sentence . . . ." Petition, p. 15.

Respondent filed a Response on July 5, 2011. On July 13, 2011, Respondent filed a Notice to Court [Doc. No. 20], advising that Petitioner had died on July 4, 2011. Attached to the Notice is a copy of a memorandum from the Medical Services Administrator for the Department of Corrections (DOC) to Justin Jones, Director of DOC, advising of Petitioner's death which occurred at Oklahoma University Medical Center on July 4, 2011, as a result of

natural causes, specifically, "fluid volume overload." Notice, Ex. 1. Respondent asserts in his Notice that Petitioner's death renders this action moot. The undersigned agrees.

A habeas petition pursuant to 28 U.S.C. § 2254 is the mechanism by which a state prisoner may challenge the fact or duration of his confinement and may obtain immediate or speedier release from custody. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *see also Wolff v. McDonald*, 418 U.S. 539 (1974) (purpose of habeas corpus writ is to enable those unlawfully incarcerated to obtain their freedom). Article III of the United States Constitution "denies federal courts the power to decide questions that cannot affect the rights of litigants in the case before them . . . and confines them to resolving real and substantial controvers[ies] admitting of specific relief . . . ." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). Morever, "the parties must continue to have a personal stake in the outcome of the lawsuit" in order for the Court to sustain its jurisdiction. *Id.* pp. 477-78. Clearly, given his death, this Court cannot issue any order "affecting the rights" of Petitioner. Thus, Petitioner's death has rendered the issue of his continued incarceration moot, and this action should be dismissed.

## **RECOMMENDATION**

It is therefore recommended that the instant Petition for Writ of Habeas Corpus be dismissed as moot. Any objection to this Report and Recommendation must be filed in accordance with Fed. R. Civ. P. 72(b)(2) with the Clerk of this Court by the 25th day of July, 2011. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*,

950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 15th day of July, 2011.

*Bana Roberts*
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE